**IT IS ORDERED as set forth below:**

**Date: September 15, 2025**

_____
**Lisa Ritchey Craig**
**U.S. Bankruptcy Court Judge**

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

| | |
|---|---|
| IN RE:<br>Catherine Lashawn Peterson,<br><br>**Debtor(s)**. | CASE NO. 25-10488-lrc<br>CHAPTER 13<br><br>Judge Lisa Ritchey Craig |
| Progress Residential Borrower 13, LLC<br><br>**Movant**<br><br>v.<br><br>Catherine Lashawn Peterson, Debtor(s); and Melissa J. Davey, Trustee<br>  **Respondents**. | CONTESTED MATTER |

## ORDER GRANTING MOTION FOR RELIEF FROM STAY, STRICT COMPLIANCE

Debtor and Movant previously entered into a consent order between Debtor and Movant, dated July 29, 2025 [Doc. 20], requiring Debtor to resume strict compliance with the lease post petition commencing August 1, 2025. Debtor further agreed to either cure the total arrearage

1

through July 2025 via an amended plan on/before August 15, 2025, or alternatively pay the total arrearage through July 2025 in full by February 6, 2026..

As evidenced by Movant's subsequent default Motion to Lift Stay for Debtor's Noncompliance With Strict Compliance Order, filed on September 8, 2025 [Doc 29], as supported by adequate notice upon Debtor/Debtor's counsel [Doc 29-1] and further evidenced by an affidavit of noncompliance [Doc 29-2], Debtor failed to strictly comply with the payment terms agreed between the parties. No response has been filed by Debtor or codebtor in opposition to Movant's motion to lift the automatic stay in light of the default with the strict compliance order [Doc 20].

**ORDERED** that Movant's Motion is granted. The automatic stay pursuant to 11 U.S.C. §§ 362(d) of the Bankruptcy Code is MODIFIED to allow Movant to pursue dispossessory proceedings against Debtor as-available under Georgia law to recover possession of the Property, and that the Property be abandoned as property of the estate.

**ORDERED** that Movant may obtain a post-petition judgment within the course of a dispossessory action to recover possession of the Property, but Movant is not permitted to pursue any collection activities on that judgment as to property of the estate during the pendency of the instant Bankruptcy.

**ORDERED** that, pursuant to Movant's Motion, the 14 day stay prescribed by Bankruptcy Rule 4001(a)(4) is waived to allow Movant to proceed immediately with a dispossessory action;

[END OF DOCUMENT]

**Order presented by:**

THE TOTTEN FIRM, LLC
2090 Dunwoody Club Dr
Ste 106-33
Atlanta, GA 30350
Tel: (404) 692-4342
Email: mft@tottenfirm.com

/s/ Matthew F. Totten
MATTHEW F. TOTTEN
(Georgia Bar No. 798589)

Distribution List:

Jeffrey Branan Kelly
Law Office of Jeffrey B. Kelly, P.C.
107 E. 5th Avenue
Rome, GA 30161 *Counsel for Debtor*

Matthew F. Totten
THE TOTTEN FIRM, LLC
2090 Dunwoody Club Dr.
Ste 106-33
Atlanta, GA 30350
*Counsel for Movant*

Melissa J. Davey
Standing Chapter 13 Trustee
Ste 2250
233 Peachtree Street NE
Atlanta, GA 30303
*Trustee*

Catherine Lashawn Peterson
212 Alton Cir
Villa Rica GA 30180
Debtor(s)